**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000584
23-APR-2018
07:57 AM**

NO. CAAP-17-0000584

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
JAMES S. MOORE, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(EWA DIVISION)
(CASE NO. 1DTA-16-02427)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Ginoza and Chan, JJ.)

Defendant-Appellant James S. Moore (**Moore**) appeals from

the Amended Judgment entered on July 18, 2017 (**Amended Judgment**),

by the District Court of the First Circuit, Ewa Division

(**District Court**).[1]

Moore raises a single point of error on appeal,

contending that the District Court erred in failing to require

Moore himself, rather than Moore's attorney, to state whether

Moore was going to remain silent or testify at trial. The State

agrees, submitting that it cannot make a good faith argument that

---

[1] The Honorable Michael A. Marr presided.

the District Court's failure to obtain a direct waiver from Moore was harmless error.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve Moore's point of error as follows:

The State concedes Moore's point. Notwithstanding the State's concession, "appellate courts have an independent duty 'first to ascertain that the confession of error is supported by the record and well-founded in law and second to determine that such error is properly preserved and prejudicial.'" State v. Veikoso, 102 Hawai'i 219, 221-22, 74 P.3d 575, 577-78 (2003) (citation omitted).

Hawai'i law is clear. A defendant's waiver of his or her right to testify must be obtained directly from the defendant, not from the attorney, or the waiver is invalid. See State v. Staley, 91 Hawai'i 275, 287, 982 P.2d 904, 916 (1999); State v. Hoang, 94 Hawai'i 271, 278, 12 P.3d 371, 378 (App. 2000). The record in this case is also clear, although the District Court engaged in a colloquy with Moore, the court asked Moore's attorney, not Moore, whether Moore was going to testify. As there is nothing to indicate what Moore would have testified about, we cannot conclude that the Tachibana error constituted harmless error. See Hoang, 94 Hawai'i at 279, 12 P.3d at 379.

2

Accordingly, the District Court's Amended Judgment is vacated and this case is remanded for a new trial.

DATED: Honolulu, Hawai'i, April 23, 2018.

On the briefs:

Earle A. Partington,
(The Law Office of Earle A.
  Partington),
    and
R. Patrick McPherson,
(Law Office of R. Patrick
  McPherson, AAL, ALC),
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge